Dear Mr. Morse:
This office is in receipt of your request for an opinion of the Attorney General in regard to the collection of the fire user fee for Fire Protection District No. 4. The District is located wholly within the Parish of Livingston and the fee of $32 per structure was assessed pursuant to the authority of R.S.40:1502.1 et seq., on the assessment rolls of Livingston Parish by the Tax Assessor's Office and collected by the parish Tax Collector in the same manner as ad valorem taxes. The Tax Collector charges a commission for the collection of 15% being the same commission charged for collecting other similar taxes.
You ask the following questions:
 (1) Is the Collection process proper in accordance with applicable law;
 (2) Is the commission proper in accordance with applicable law; and
 (3) Does the Sheriff of Livingston Parish as Ex-Officio Tax collector have the authority to negotiate this commission.
In Atty. Gen. Op. No. 97-129 this office answered an inquiry from the Assessor of Livingston Parish as to whether he had the authority or responsibility for the collection of the fire protection district service charges. It was noted therein that R.S. 40:1501.2 authorizes fire protection districts located within Livingston Parish to assess service charges upon residential and commercial structures located within their boundaries. It was concluded that the service charges levied by a fire protection district could be carried on the tax rolls by the assessor if it would assist the fire protection district in its collection efforts. However, it was observed in response to the assessor's inquiry that research did not reveal any requirement that such service charges be carried on the tax rolls "unless a mutually agreeable arrangement can be made between you and the district."
Similarly, in Atty. Gen. Op. No. 91-357 this office found that R.S. 40:1502.1 gave Lincoln Parish Police Jury power to establish and collect service charges for any fire protection district situated wholly within the Parish, but found nothing prohibiting the governing authority of a parish from either billing the service charges along with ad valorem taxes, or accepting payment for one without the others. It was concluded, "It appears that the legislature has deferred this choice to the individual governing bodies of the respective parishes as a business decision."
In Atty. Gen. Op. No. 96-427 this office maintained that the District is not required to use the Sheriff as its collection and enforcement agent, but could instead use its own employees, or a contractor. However, the district could utilize the services of the Sheriff to enforce and collect its service charges "pursuant to a contract with the Sheriff, if the District and the Sheriff can agree on fee for the Sheriff services."
Thus, it can be seen the proper collection process under R.S.40:1502.1 is that adopted by the governing authority of the fire protection district, yours being by mutual agreement with the Sheriff as Ex-officio Tax Collector. Therefore, an agreement negotiated for a 15% commission by the governing authority and the Sheriff is proper, but as noted above "the legislature has deferred this choice to the individual governing bodies of the respective parishes as a business decision". It can use the sheriff, its own employees or a contractor.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR